Opinion issued October 5, 2006
 
     












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00865-CV
____________

GEORGE NEIL LEWIS, Appellant

V.

 JACK D. NOLAN, Appellee




On Appeal from 270th District Court
Harris County, Texas
Trial Court Cause No. 2001-29811




MEMORANDUM OPINION
          Appellant, George Neil Lewis, appeals from a take-nothing summary judgment
rendered against him in his malpractice suit against appellee, Jack D. Nolan, his
former attorney. We first affirm the judgment to the extent that it was rendered on
Lewis’s negligent-misrepresentation claim because he abandoned that claim below
and thus assigned no error to it on appeal. We then determine (1) whether Lewis
needed expert testimony to prove the causation element of his negligence claim; (2)
whether we must affirm the judgment rendered on Lewis’s breach-of-contract claim
for his failure to challenge every basis asserted against that claim in the summary-judgment motion; and (3) whether Lewis’s having asserted an unpleaded Deceptive
Trade Practices–Consumer Protection Act (“DTPA”)


 claim in response to Nolan’s
summary-judgment motion raised a fact issue on that claim and, if not, whether Lewis
has properly assigned error to the rendition of judgment on the only DTPA claim that
he pleaded. We affirm.
Background
          Federated Financial Services, Inc. (“FFS”) was the holder of two notes. One
note, dated April 7, 1987 and in the principal amount of $17,255, was signed by
Lewis and a man who was his business partner at that time, Bill White (“the April
1987 note”). The borrowers on the April 1987 note were listed as “G. Niel [sic]
Lewis & Bill White Baja Trax, Inc.” The second note, dated November 21, 1987 and
in the principal amount of $9,431.99, was signed by White alone (“the November
1989 note”). The borrower on the April 1987 note was listed as “Bill White dba
BAJA TRAX, INC.”
          FFS sued Lewis and White based on the two notes (“the collection suit”). 
Nolan represented Lewis in the collection suit. In his deposition testimony in that
lawsuit, Lewis admitted his liability on the April 1987 note. In affidavits filed in the
later malpractice suit from which appeal is now taken, however, Lewis averred that
[t]he [April 1987] note that I was testifying to in the deposition [in the
collection suit] was paid off after my then-partner [White] borrowed
money at which time he signed on to pay the [November 1989] note. I
was not obligated to pay the [November 1989] note, and the [April
1987] note (which the deposition testimony refers to) was paid off in
full.

          FFS moved for traditional summary judgment against Lewis in the collection
suit based on the November 1989 note. It is undisputed that Nolan did not answer the
motion or appear at the summary-judgment hearing, that the motion was granted, and
that judgment was rendered against Lewis in May 1995 for $13,229.26. The parties
disputed below the reasons for Nolan’s failure to respond or to appear: Lewis filed
affidavits averring that Nolan had told him that the suit against him was non-meritorious and that Nolan later denied having received the summary-judgment
motion, even though he had. In contrast, Nolan filed an affidavit averring that he had
advised Lewis that the lawsuit was meritorious, that Nolan received FFS’s summary-judgment motion, that he tried unsuccessfully and repeatedly to contact Lewis about
the motion, and that Nolan was never notified of the summary-judgment hearing.
 
          On June 13, 2001, Lewis sued Nolan for legal malpractice (negligence),
negligent misrepresentation, violations of the DTPA, and breach of contract. The
factual bases that Lewis alleged for all causes of action were as follows:
While representing [Lewis], [Nolan] failed to respond to a motion for
summary judgment or to an amended motion for summary judgment
filed by the plaintiff in that case. Prior to the motions for summary
judgment being filed and served on [Nolan], [Lewis’s] deposition had
been taken by the plaintiff in the [collection suit]. After the deposition
[Nolan] told [Lewis] that he did not have to worry about the case and
that it would be dismissed. However, on May 31, 1995, a final summary
judgment was entered against [Lewis] in the amount of $13,229.26 plus
court costs, prejudgment interest and post judgment interest. In late
May 2001, [Lewis] discovered that judgment had been entered against
him . . . . Eventually, [Lewis] negotiated a payoff of the judgment for
the amount of $15,000.00. But for [Nolan’s] failure to respond to the
motion for summary judgment, [Lewis] would not have lost the case.

Lewis sought fee forfeiture, actual damages, mental-anguish damages, and treble
damages under the DTPA, as well as attorney’s fees, pre- and post-judgment interest,
and costs.
          Nolan answered with a general denial and raised the affirmative defense of
limitations. Nolan then moved for traditional summary judgment on the sole basis of
limitations. The trial court granted the motion, rendering a take-nothing judgment
against Lewis. Lewis appealed to the Fourteenth Court of Appeals, which reversed
the judgment and remanded the cause. See Lewis v. Nolan, 105 S.W.3d 185, 190
(Tex. App.—Houston [14th Dist.] 2003, pet. denied). On remand, Nolan filed six
summary-judgment motions:
1.a traditional summary-judgment motion against Lewis’s DTPA
claim;
 
2.a no-evidence summary-judgment motion against Lewis’s breach-of-contract claim;
 
3.a “first amended” traditional summary-judgment motion against
all claims on the ground of limitations;
 
4.a traditional summary-judgment motion against Lewis’s legal-malpractice claim;
 
5.a no-evidence summary-judgment motion against Lewis’s legal-malpractice claim;


 and
 
6.a no-evidence summary-judgment motion against Lewis’s
negligent-misrepresentation claim.

          Simultaneously with the filing of his summary-judgment motion against
Lewis’s legal-malpractice claim, Nolan moved the trial court to “consolidate” Lewis’s
causes of action under the heading of legal malpractice because the attempt to style
the legal-malpractice claim as anything else (e.g., breach of contract, DTPA violation,
or negligent misrepresentation) amounted to an impermissible fracturing of the legal-malpractice claim. This “impermissible fracturing” argument was not also asserted
as a basis for summary judgment, however. The trial court neither expressly nor
impliedly ruled on Nolan’s motion to consolidate. 
          Lewis responded to each summary-judgment motion except for the motion
attacking his negligent-misrepresentation claim: with respect to that claim, Lewis
expressly stated below that he no longer wished to pursue it. Nolan raised various
objections to all of Lewis’s summary-judgment evidence, but the trial court expressly
overruled each of these objections before it rendered summary judgment. Nolan does
not complain on appeal of the trial court’s having overruled these evidentiary
objections, although he does discuss on appeal the bases of at least some of his
evidentiary complaints.
          In August 2004, the trial court rendered a take-nothing summary judgment on
all of Lewis’s claims. The trial court did not state on which motions or grounds it
was basing its ruling.
Standard of Review
          Traditional “[s]ummary judgment under rule 166a(c) is proper only when a
movant establishes that there is no genuine issue of material fact and that he is
entitled to judgment as a matter of law.” Malcomson Rd. Util. Dist. v. Newsom, 171
S.W.3d 257, 262 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). “A defendant
is entitled to [traditional] summary judgment if the evidence disproves as a matter of
law at least one element of each of the plaintiff’s causes of action or if it conclusively
establishes all elements of an affirmative defense.” Id. 
          “A party may move for a ‘no-evidence’ summary judgment under rule 166a(i)
‘if there is no evidence of one or more essential elements of a claim or defense on
which an adverse party would have the burden of proof at trial.’” Id. (quoting
Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.—Houston [1st Dist.] 1999, no pet.)). “A no-evidence summary
judgment is, therefore, like a directed verdict.” Id. at 263. “‘The trial court must
grant the motion unless the nonmovant produces more than a scintilla of evidence
raising a genuine issue of material fact on the challenged elements.’” Id. (quoting
Flameout Design & Fabrication, Inc., 994 S.W.2d at 834). 
          “In reviewing either type of summary judgment, we indulge every reasonable
inference in favor of the non-movant, resolve any doubts in its favor, and take as true
all evidence favorable to it.” Id. “When an order granting summary judgment does
not specify the grounds upon which the trial court ruled, we must affirm to the extent
that any of the summary judgment grounds is meritorious.” Id.
Nelgigent Misrepresentation
          Although the record does not contain Nolan’s no-evidence summary-judgment
motion that attacked Lewis’s negligent-misrepresentation claim, the parties’
summary-judgment pleadings and appellate briefing indicate that such a motion was
filed; the record supports that the summary-judgment motion on that cause of action 
was granted; and, as he did below, Lewis expressly states on appeal that he does not
challenge the summary judgment to the extent that it disposed of that cause of action. 
Accordingly, we affirm the summary judgment to the extent that it disposed of
Lewis’s cause of action for negligent misrepresentation. See Walling v. Metcalfe, 863
S.W.2d 56, 58 (Tex. 1993); Garcia v. Nat’l Eligibility Express, Inc., 4 S.W.3d 887,
889 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 
Legal Malpractice (Negligence)
          In his first, second, and third issues, Lewis argues that the trial court erred in
granting Nolan’s no-evidence and traditional summary-judgment motions against his
legal-malpractice claim.
          “To prevail on a legal malpractice claim, a plaintiff must show ‘that (1) the
attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach
proximately caused the plaintiff’s injuries, and (4) damages occurred.’” Alexander
v. Turtur & Assocs., Inc., 146 S.W.3d 113, 117 (Tex. 2004) (quoting Peeler v. Hughes
& Luce, 909 S.W.2d 494, 496 (Tex. 1995)). Nolan appears to have attacked only the
third element in his summary-judgment motions, i.e., causation. Accordingly, we
consider whether Lewis raised a material fact issue on the third element.
          “When the plaintiff’s allegation is that some failure on the attorney’s part
caused an adverse result in prior litigation, the plaintiff must produce evidence from
which a jury may reasonably infer that the attorney’s conduct caused the damages
alleged.” Id.; Hoover v. Larkin, 196 S.W.3d 227, 231 (Tex. App.—Houston [1st
Dist.] 2006, pet. denied). “Cases often refer to this causation aspect of the plaintiff’s
burden as the ‘suit-within-a-suit’ requirement.” Hoover, 196 S.W.3d at 231. The
suit-within-a-suit element is not shown merely by proving a breach of the standard
of care, i.e., “even when negligence is admitted, causation is not presumed.” 
Alexander, 146 S.W.3d at 119. 
          “[T]he trier of fact must have some basis for understanding the causal link
between the attorney’s negligence and the client’s harm.” Id. In general, this is
accomplished through expert testimony on causation. Hoover, 196 S.W.3d at 231. 
Although lay testimony may sometimes suffice, expert testimony of causation is
necessary when the causal link is beyond the jury’s common understanding. 
Alexander, 146 S.W.3d at 119. 
          It is undisputed that Lewis presented no expert opinion testimony concerning
causation. However, Lewis contends that causation was so obvious here that expert
testimony was unnecessary. Lewis relies instead on his own affidavit testimony, in
which he averred as follows:
At the deposition that I gave in [the collection suit], I was asked a series
of questions . . . regarding one of the two notes that were at issue in [the
collection suit] and are now the basis of this case. The note that I was
testifying to in the deposition was paid off after my then-partner [White]
borrowed money at which time he signed on to pay the [November
1989] note. I was not obligated to pay the [November 1989] note, and
the [April 1987] note (which the deposition testimony refers to) was
paid off in full. Accordingly, I did not owe any money on either of the
notes in question and the judgment that was entered against me in [the
collection suit] was improperly entered and was totally defensible.
Lewis contends that he did not need expert testimony on causation because Nolan’s
failure to respond to FFS’s summary-judgment motion—when Lewis allegedly had
an iron-clad defense to both notes and, thus, to the collection suit—was tantamount
to a “fail[ure] to appear at trial” and thus to the situation in which counsel allows a
default judgment to be entered against his client. We reject this analogy. 
          Failing to file an answer or to appear at all is not necessarily the same as failing
to respond to a traditional summary-judgment motion. For example, the burden is
entirely on the party moving for traditional summary judgment (in the collection suit,
plaintiff FFS) to establish its entitlement to summary judgment as a matter of law;
therefore, only if FFS carried its burden as a matter of law would the burden have
shifted to Lewis to raise a fact issue on FFS’s cause of action. See Phan Son Van v.
Pena, 990 S.W.2d 751, 753 (Tex. 1999). 
The trial court may not grant a summary judgment by default for lack of
an answer or response to the motion by the non-movant when the
movant’s summary judgment proof is legally insufficient. . . . Summary
judgments must stand on their own merits, and the non-movant’s failure
to answer or respond cannot supply by default the summary judgment
proof necessary to establish the movant’s right.

City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 
Whether Nolan responded was thus irrelevant to whether FFS had carried its initial
summary-judgment burden as a matter of law because only if FFS had done so would
the burden have shifted to Lewis to answer and to raise a fact issue. Intricacies of
summary-judgment burdens and procedure such as these are beyond the
understanding of jurors, and expert testimony is needed to explain these matters.
          More importantly, determining whether FFS actually carried its initial
summary-judgment burden, and also whether its suit would have been meritorious as
a matter of law, required expert testimony. We reach this conclusion even taking as
true Lewis’s affidavit testimony that the April 1987 note “was paid off after my then-partner [White] borrowed money[,] at which time [White] signed on to pay the second
note.” There were two notes, only one of which Lewis signed personally. FFS
moved for summary judgment on the November 1989 note, which Lewis had not
signed. Could Lewis have been liable on the November 1989 note, which he did not
personally sign, (1) when Lewis admitted that the man who signed it (White) was his
business partner; (2) when the April 1987 note that he did co-sign listed him, White,
and “Baja Trax, Inc.” as borrowers; and (3) when the November 1989 note listed
“Bill White dba Baja Trax, Inc.” as the borrower? Under what circumstances can a
non-signatory to a note be legally liable for a note that his business partner signs for
what may have been a joint business venture? These are legal questions, controlling
of the collection suit’s outcome and of FFS’s summary-judgment motion, that only
a legal expert can answer. Accordingly, Lewis needed to produce expert testimony
to defeat Nolan’s no-evidence summary-judgment motion on the issue of causation
for his legal-malpractice claim.


 See Alexander, 146 S.W.3d at 119–20; cf. F.W.
Indus., Inc. v. McKeehan, 198 S.W.3d 217, 221 (Tex. App.—Eastland 2005, no pet.)
(holding that expert testimony was required to prove causation in legal-malpractice
suit based on attorney’s having allowed dismissal for want of prosecution (“DWOP”)
of state-court suit because of attorney’s failure to obtain lift of bankruptcy stay, to
notify state court of bankruptcy’s filing, or to appeal DWOP, among other matters).
          We distinguish some of the authority on which Lewis relies because, in it, the
only issue was whether the attorney’s faulty advice caused the client to make a bad
decision that he would otherwise not have made. See Delp v. Douglas, 948 S.W.2d
483, 495–96 (Tex. App.—Fort Worth 1997), rev’d on other grounds, 987 S.W.2d 879
(Tex. 1999); Streber v. Hunter, 221 F.3d 701, 726–27 (5th Cir. 2000). A non-expert
client can testify to whether he would have made a particular decision had his
attorney not misled him. The issue in those cases was not whether an underlying
lawsuit would have been meritorious had the attorney not committed a complained-of
action within that lawsuit, as the issue here is. We distinguish the rest of Lewis’s
authority for the following reasons: (1) the cited holdings in those cases involved the
standard of care and its breach, rather than causation;


 (2) whether expert testimony
was required to prove causation was apparently not an issue in the case because it was
not discussed;


 or (3) the case involved a default judgment or failure to appear at trial,
which we have already held are distinguishable situations from the situation here.



          We overrule Lewis’s first issue, complaining of the rendition of no-evidence
summary judgment on his legal-malpractice claim, and his third issue, arguing that
he raised a fact issue on the causation element of this claim. Because we have held
that no-evidence summary judgment was properly rendered on his legal-malpractice
claim, we need not reach Lewis’s second issue, which complains of the rendition of
traditional summary judgment on that claim.
Breach of Contract
          In his fourth and fifth issues, Lewis argues that the trial court erred in rendering
no-evidence summary judgment on his claim for breach of contract. 
          Nolan’s no-evidence summary-judgment motion on Lewis’s breach-of-contract
claim asserted that Lewis could produce no evidence of (1) the existence of a written
contract between Nolan and Lewis, (2) Nolan’s breach of that contract, and (3)
damages proximately caused by that breach. See Wright v. Christian & Smith, 950
S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ) (“The elements of
a breach of contract claim are: (1) the existence of a valid contract; (2) performance
or tendered performance by the plaintiff; (3) breach of the contract by the defendant;
and (4) damages to the plaintiff resulting from that breach.”). On appeal, Lewis’s
challenge focuses only on the first ground that Nolan asserted: that no written
contract existed between the parties. Lewis does not assign error to the judgment to
the extent that it might have been rendered on the other two grounds asserted in
Nolan’s no-evidence summary-judgment motion: Nolan’s breach and damages
proximately caused by that breach. The trial court’s summary-judgment order did not
recite on which basis the trial court rendered judgment on Lewis’s contract-breach
claim. 
 
          “[W]hen a summary judgment motion alleges multiple grounds and the order
granting summary judgment does not specify the ground on which the summary
judgment was rendered, the appellant must challenge and negate all summary
judgment grounds on appeal.” Britton v. Tex. Dep’t of Criminal Justice, 95 S.W.3d
676, 681–82 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing Ellis v. Precision
Engine Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002,
no pet.) and Armbruster v. Mem’l S.W. Hosp., 857 S.W.2d 938, 941 (Tex.
App.—Houston [1st Dist.] 1993, no writ)). “‘If summary judgment may have been
rendered, properly or improperly, on a ground not challenged, the judgment must be
affirmed.’” Id. at 682 (quoting Ellis, 68 S.W.3d at 898).
          Because Lewis has failed to challenge every summary-judgment ground that
could independently have been the basis for the trial court’s ruling, we overrule his
fourth and fifth issues, and we affirm the judgment to the extent that it was rendered
against this claim. See id.
DTPA
          In his ninth and tenth issues, Lewis argues that the trial court erred in rendering
traditional summary judgment on his DTPA claim.
          Nolan’s summary-judgment motion asserted that Lewis’s DTPA claim failed
as a matter of law because that claim—which asserted that, sometime before 1995,
Nolan had advised Lewis that FFS could not prove its case and that Lewis needed to
do nothing else, and which further alleged that Nolan had misrepresented that he
would contact Lewis if anything changed—was based on Nolan’s advice, judgment,
or opinion, which were unactionable under the DTPA. See Tex. Bus. & Com. Code
Ann. § 17.49(c)(3) (Vernon Supp. 2005) (“Nothing in this subchapter shall apply to
a claim for damages based on the rendering of a professional service, the essence of
which is the providing of advice, judgment, opinion, or similar professional skill.”). 
Lewis responded below, as he does on appeal, with evidence supporting a different
DTPA claim from the one that he had alleged in his petition: sometime after May
2001, Nolan misrepresented that he had not received FFS’s motion for summary
judgment in the collection suit, when in fact he had received it.
          The following allegations applied to all of Lewis’s causes of action, including
his DTPA claim:
While representing [Lewis], [Nolan] failed to respond to a motion
for summary judgment or to an amended motion for summary judgment
filed by the plaintiff in that case. Prior to the motions for summary
judgment being filed and served on [Nolan], [Lewis’s] deposition had
been taken by the plaintiff in the underlying case. After the deposition
[Nolan] told [Lewis] that he did not have to worry about the case and
that it would be dismissed. However, on May 31, 1995, a final summary
judgment was entered against [Lewis] in the amount of $13,229.26 plus
court costs, prejudgment interest and post judgment interest. In late
May 2001, [Lewis] discovered that judgment had been entered against
him . . . . Eventually, [Lewis] negotiated a payoff of the judgment for
the amount of $15,000.00. But for [Nolan’s] failure to respond to the
motion for summary judgment, [Lewis] would not have lost the case.
(Emphasis added.) Given these allegations, Lewis’s DTPA claim was that Nolan’s
statements about whether the case would be dismissed, and also Nolan’s alleged
negligent acts leading to 1995 judgment in the collection suit, caused him damages. 
Lewis’s petition did not assert a separate DTPA claim that Nolan’s false statement,
made about six years later, that he had not received the summary-judgment motion
had caused Lewis damages.
          “Pleadings in the district and county courts shall . . . consist of a statement in
plain and concise language of the plaintiff’s cause of action or the defendant’s
grounds of defense. That an allegation be evidentiary or be of legal conclusion shall
not be grounds for objection when fair notice to the opponent is given by the
allegations as a whole . . . .” Tex. R. Civ. P. 45(b) (emphasis added). Rule 45(b)
thus creates a “‘fair notice’ standard for pleading, which looks to whether the
opposing party can ascertain from the pleading the nature and basic issues of the
controversy and what testimony will be relevant.” Horizon/CMS Healthcare Corp.
v. Auld, 34 S.W.3d 887, 896 (Tex. 2000). Under this standard, “‘[a] petition is
sufficient if it gives fair and adequate notice of the facts upon which the pleader bases
his claim. The purpose of this rule is to give the opposing party information
sufficient to enable him to prepare a defense.’” Id. at 897 (quoting Roark v. Allen,
633 S.W.2d 804, 810 (Tex. 1982)). 
          Even viewed under the fair-notice standard, Lewis’s petition did not allege a
second DTPA claim like the one about which he offered evidence for the first time
in his summary-judgment response. Nolan did not have to move for summary
judgment to counter a misrepresentation that was never alleged, much less alleged to
have been actionable; rather, his pleaded DTPA claim concerned only
misrepresentations leading up to the conclusion of the collection suit. See, e.g.,
Newsom, 171 S.W.3d at 262 (“A defendant is entitled to [traditional] summary
judgment if the evidence disproves as a matter of law at least one element of each of
the plaintiff’s causes of action . . . .”). 
          We are left, then, with the summary-judgment ground that Nolan asserted in
his motion: that the only pleaded factual basis for Lewis’s DTPA claim was an
unactionable statement of advice, judgment, or opinion. Lewis has not challenged the
summary judgment rendered against his DTPA claim to the extent that that claim was
based on the statement alleged in his petition, and he has totally failed to brief
whether that statement was an unactionable statement of advice, judgment, or
opinion. Because Lewis has not challenged on appeal the rendition of judgment on
the sole DTPA claim that he actually pleaded, we must overrule Lewis’s ninth and
tenth issues and affirm the judgment rendered on that claim without regard to the
merits. See Walling, 863 S.W.2d at 58; Garcia, 4 S.W.3d at 889.
Conclusion
          Given our disposition of the above issues, we need not reach Lewis’s sixth,
seventh, or eight issues, which complained of the granting of Nolan’s traditional
summary-judgment motion against all claims on the basis of limitations.
          We affirm the judgment of the trial court. 
 
 
 
Tim Taft
Justice
 
Panel consists of Justices Taft, Higley, and Bland.