Opinion issued December 14, 2006

 


 

 










In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00865-CV

____________


GEORGE NEIL LEWIS, Appellant


V.


 JACK D. NOLAN, Appellee






On Appeal from 270th District Court

Harris County, Texas

Trial Court Cause No. 2001-29811






SUPPLEMENTAL MEMORANDUM OPINION ON REHEARING

 Appellant, George Neil Lewis, moves for rehearing and for en banc
reconsideration of our opinion, issued October 5, 2006, that affirmed a take-nothing
summary judgment rendered against him in his malpractice suit against appellee, Jack
D. Nolan, his former attorney. We grant the motion for rehearing addressed to the
panel. However, our disposition of the appeal remains the same, and our October 5,
2006 memorandum opinion and judgment remain intact. We issue this supplemental
memorandum opinion to address matters raised by Lewis on rehearing. (1)

Legal-Malpractice Claim


 Nolan argues that we erred in affirming the no-evidence summary judgment
rendered on his legal-malpractice claim because the basis on which we affirmed the
judgment--that Lewis did not raise a genuine issue of material fact because he did
not present expert opinion testimony on causation--was not raised in the summary-judgment motion in the trial court. In support, Lewis cites well-established authority
that a summary-judgment motion must stand or fall on the grounds expressly
presented in the motion and may not be affirmed on a basis that was not asserted as
a ground for summary judgment. See, e.g., Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 205 (Tex. 2002).

 Our disposition does not run afoul of this rule. Nolan filed both a traditional
and a no-evidence summary-judgment motion against Lewis's legal-malpractice
claim. Lewis's rehearing motion cites to and relies on the grounds asserted in
Nolan's traditional summary-judgment motion and on the lay-testimony affidavits
that he submitted in response to both motions. We did not base our holding on
Nolan's traditional summary-judgment motion, however. Rather, our holding was
based on Nolan's no-evidence summary-judgment motion, which attacked the
causation element of Lewis's legal-malpractice claim.

 This distinction is important. A no-evidence summary-judgment motion may
simply specify the element or elements of the claim or defense that lacks evidentiary
support as long as the adverse party would have the burden of proof on that claim or
defense at trial. See Tex. R. Civ. P. 166a(i) ("The [no-evidence summary-judgment]
motion must state the elements as to which there is no evidence."); Malcomson Rd.
Util. Dist. v. Newsom, 171 S.W.3d 257, 262 (Tex. App.--Houston [1st Dist.] 2005,
pet. denied). The rule requires no further elaboration by the movant. Once a movant
carries its burden of specifying the element or elements of the claim or defense on
which he seeks judgment, the burden shifts to the non-movant to produce "more than
a scintilla of evidence raising a genuine issue of material fact on the challenged
elements.'" Newsom, 171 S.W.3d at 263 (quoting Flameout Design & Fabrication,
Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.--Houston [1st
Dist.] 1999, no pet.)). To raise a material fact issue, the non-movant's evidence must
be, among other things, legally competent. See Garcia v. Nat'l Eligibility Express,
Inc., 4 S.W.3d 887, 891 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (citing Yates
v. Fisher, 988 S.W.2d 730 (Tex. 1998), for conclusion that trial court properly
rendered no-evidence summary judgment against party who produced only
incompetent evidence in response to motion).

 Nolan's no-evidence summary-judgment motion attacked the causation element
of Lewis's legal-malpractice claim. (2) Once Nolan did so, the burden shifted to Lewis
to produce more than a scintilla of evidence raising a material fact issue on that
element. See Newsom, 171 S.W.3d at 263. To carry that burden in this case, Nolan
had to produce expert opinion testimony of causation. See, e.g., Alexander v. Turtur
& Assocs., Inc., 146 S.W.3d 113, 119-20 (Tex. 2004); Hoover v. Larkin, 196 S.W.3d
227, 231 (Tex. App.--Houston [1st Dist.] 2006, pet. denied); see also F.W. Indus.,
Inc. v. McKeehan, 198 S.W.3d 217, 221 (Tex. App.--Eastland 2005, no pet.). Lay
testimony could not suffice to raise a material fact issue and thus to carry Lewis's
summary-judgment burden. Cf. City of Keller v. Wilson, 168 S.W.3d 802, 812
("When expert testimony is required, lay evidence supporting liability is legally
insufficient."). It is for this reason that we discussed the need for expert opinion
testimony in our original opinion. 

 Nor is our basis for resolving the legal-malpractice claim without foundation
in the briefs. Nolan asserted the expert-testimony issue in his appellee's brief, and
Lewis devoted a substantial portion of his reply brief to rebutting Nolan's contention
that expert opinion testimony was necessary. Lewis did not contend, as he does on
rehearing, that any consideration of expert opinion testimony was outside the grounds
asserted in Nolan's summary-judgment motion. Rather, Lewis addressed the merit
of the issue, contending that lay testimony that he produced in support of this cause
of action was legally competent to show causation, even though it was not expert
testimony. The parties thus fully joined the issue.

 We overrule this rehearing argument.


Breach-of-Contract Claim


 Lewis also argues that we erred in disposing of his breach-of-contract claim on
the basis that he had not challenged every ground that Nolan had asserted against him
in Nolan's no-evidence summary-judgment motion. Specifically, he argues that
Nolan asserted only two challenges, not the three that our opinion identified, against
Lewis's cause of action and that he adequately assigned error on appeal to both of the
grounds that Nolan's motion had asserted.

 We agree with Lewis that the applicable ground of Nolan's no-evidence
summary-judgment motion challenged only two elements--the existence of a contract
and damages. Nolan's no-evidence summary-judgment motion asserted in pertinent
part:

 Nolan contends that no contract of employment was executed between
the parties. With no written contract between the parties, it is legally
impossible for Nolan to have breached the terms of any such contract. 
With no contract, it is legally impossible to succeed on a breach of
contract claim. Any allegation that Lewis has against Nolan would fall
under the category of negligence and not under the category of breach
of contract. Furthermore, Nolan contends that no evidence exists to
prove that Lewis was damaged as a proximate result of Nolan's alleged
failure to perform the contract according to its terms. In short, there is
no evidence sufficient to raise a fact issue on the element that a contract
existed between Nolan and Lewis, nor that Lewis was damaged by any
alleged failure of Nolan to perform said contract according to its terms.


 Nonetheless, our disposition remains unchanged. As we noted in our original
opinion, Lewis challenged only the first ground that Nolan asserted--that no written
contract existed between the parties. In his opening brief, Lewis argued:

 Nolan does not dispute that breach of contract is a viable theory of
recovery in the legal malpractice context. Nolan's no-evidence
argument with respect to the contract theory of recovery is that there is
no written contract, and in that regard states: [quoting only the first
three sentences of Nolan's above-quoted summary-judgment argument]. 
There is no need that a contract be in writing. Oral contracts are
enforceable just as are written contracts. In that regard, the Bar Rules
contemplate oral contracts between attorneys and there [sic] clients. . . .
Also, Nolan made an appearance and was present at Lewis's deposition
in the underlying case. These circumstances, with Lewis's affidavit, are
some evidence of an attorney-client relationship and indicate that Nolan
agreed to represent Lewis.


(Citations omitted; emphasis in original.) Lewis did not assign error to the judgment
to the extent that it might have been rendered on the ground of damages generally or
that Nolan's alleged failure to perform did not proximately cause any damages to
Lewis. 

 On rehearing, Lewis argues that he assigned error on appeal to the damages
ground asserted against the breach-of-contract cause of action. The above quotation
shows, however, that he raised issues with regard to the existence of a contract, not
causation or damages. Lewis nonetheless contends:

 [Nolan] argued throughout the case that there were no damages because
[Lewis] had confessed to owning the debt in the underlying promissory
note case. The damages model of this case has always been that [Lewis]
had to pay the debt in question because the underlying case was not
defended. [Nolan's] defense in this regard was that [Lewis] confessed
to owning the debt. [Lewis] repeatedly responded to this argument . . . .


As examples of his having assigned error to the damages ground, Lewis cites a
sentence in the introductory statement in his reply brief, as well as his client's
summary-judgment affidavits. Although we must liberally and fairly construe parties'
briefs, (3) Lewis devoted a section of his brief specifically to the breach-of-contract
claim, and nowhere in that section did he mention damages or that Nolan's alleged
breach proximately resulted in damages.

 We are prohibited from reversing a judgment on a basis that is not assigned as
error on appeal. See Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993) ("We have
held repeatedly that the courts of appeals may not reverse the judgment of a trial court
for a reason not raised in a point of error."). Accordingly, we conclude that we
correctly affirmed the judgment rendered against Lewis's breach-of-contract claim
for Lewis's having failed to challenge every summary-judgment ground that could
independently have been the basis for the trial court's ruling. See Britton v. Tex.
Dep't of Criminal Justice, 95 S.W.3d 676, 681-82 (Tex. App.--Houston [1st Dist.]
2002, no pet.).

 We overrule this rehearing argument.

 


 Tim Taft

 Justice


Panel consists of Justices Taft, Higley, and Bland.
1. Because we grant Lewis's rehearing motion and issue this supplemental
opinion on rehearing, the motion for en banc reconsideration is rendered moot. 
See Brookshire Bros., Inc. v. Smith, 176 S.W.3d 30, 41 n.4 (Tex.
App.--Houston [1st Dist.] 2004, pet. denied) (op. on reh'g), cert. denied, 127
S. Ct. 256 (2006).
2. As we noted in our original opinion, this no-evidence summary-judgment
motion was not included in the appellate record. Lewis's opening brief
referred to the motion and implied that he might seek a supplemental record
containing it because his briefing cited to a supplemental record without page
references. However, no such supplemental clerk's record was filed. Nolan
did not dispute the representations about this summary-judgment motion made
in Lewis's brief. Because both parties acknowledged the existence of a no-evidence motion for summary judgment on causation, we accepted as true
Lewis's statement that Nolan had filed a no-evidence summary-judgment
motion on this ground. See Tex. R. App. P. 38.1(f) ("In a civil case, the court
will accept as true the facts stated [in the appellant's brief] unless another party
contradicts them.").


 Lewis did not supplement the record with the no-evidence summary-judgment
motion itself. We thus could not know what more the motion may have
asserted, other than both parties' representation that it attacked the element of
causation. Once a party has designated an item for inclusion in the record, or
if the rules require that that item be included in the record, and has arranged for
payment, it is our responsibility to order the record supplemented with that
item. See Tex. R. App. P. 34.5, 35.3(c). Lewis did not request that this no-evidence summary-judgment motion be included in the record, however, and
it is not an item that the rules require be included. See id. 
3. See Tex. R. App. P. 38.9.