# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00685-CV

**Stephen Finley, Appellant**

**v.**

**Corwin Ray Fargason and Harding, Bass, Fargason, Booth and St. Clair, LLP, a Partnership, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-06-004564, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Stephen Finley, appearing pro se, appeals from the trial court's order granting summary judgment in favor of appellees Corwin Ray Fargason and the law firm of Harding, Bass, Fargason, Booth & St. Clair, L.L.P. (collectively, "Fargason"). Finley contends that the trial court erred in granting summary judgment on his claim against Fargason for legal malpractice. We affirm the order of the trial court.

## BACKGROUND

Finley retained Fargason to handle a suit to modify the custody arrangement set forth in Finley's final decree of divorce from his ex-wife, Beverly May.[1] The divorce decree, dated

---

[1] Fargason did not represent Finley in the original divorce proceedings.

August 21, 1998, appointed May sole managing conservator and Finley possessory conservator of the couple's two daughters. On October 5, 1999, Fargason filed a petition to modify the parent-child relationship on Finley's behalf, requesting that Finley be appointed sole managing conservator.

In April 2001, May filed a motion requesting a transfer of venue from Lubbock County to Travis County, asserting that she had moved to Austin with the children prior to Finley's filing of the petition to modify. The Lubbock County district court granted the motion and transferred the case to Travis County.

In July 2002, Fargason filed an agreed motion to withdraw as counsel, stating in the motion that Finley wished to represent himself at trial. The trial court granted the motion by a written order that included the following language: "The Court finds that STEPHEN G. FINLEY wishes to represent himself, that the client consents and agrees to represent himself, and that the withdrawal of RAY FARGASON is not sought for delay only." Finley claims that he and Fargason had reached an agreement to have Fargason withdraw as counsel during the discovery period and then reappear as Finley's counsel shortly before trial. Fargason disputes this assertion, and no evidence of any such agreement appears in the record. In any event, Fargason did not reappear as counsel prior to trial.

Finley's suit to modify proceeded to a bench trial in September 2002, with Finley representing himself pro se. After hearing the evidence, the trial court entered a final order denying Finley's petition to modify. The trial court also granted in part a counter-petition filed by May, increasing Finley's monthly child support obligation from $485 to $585. The trial court assessed costs and attorney's fees against Finley in the amount of $47,250, ordering this amount to be treated as unpaid and accrued child support.

2

Finley then retained Fargason to represent him in post-judgment proceedings regarding his suit to modify the parent-child relationship. Fargason filed a petition for writ of mandamus on Finley's behalf in this Court, seeking to overturn the portion of the trial court's order classifying the attorney's fee award as child support. This Court denied Finley's petition on the ground that the issue could properly be raised on appeal from the final judgment. *See In re Finley*, No. 03-03-00095-CV, 2003 Tex. App. LEXIS 2335, at *3 (Tex. App.—Austin Mar. 20, 2003, no pet.) (mem. op.). Fargason then filed a direct appeal from the final judgment, complaining (1) that the trial court erred in characterizing the attorney's fee award as child support and (2) that the transfer of venue from Lubbock County to Travis County was improper because May's motion to transfer was untimely filed. *See Finley v. May*, 154 S.W.3d 196, 197 (Tex. App.—Austin 2004, no pet.). This Court sustained the first issue and modified the judgment to delete all characterizations of the attorney's fee award as child support. *See id.* at 197-98. The transfer of venue, however, was affirmed due to Finley's failure to object to the motion to transfer on timeliness grounds. *See id.* at 199.

In December 2006, Finley filed suit against Fargason, alleging negligence, professional negligence, gross negligence, breach of implied and express warranties, and breach of contract in connection with Fargason's representation of Finley in the custody proceeding.[2] In support of his claims, Finley generally asserted that Fargason had failed to timely file motions and had committed errors and omissions in connection with the issuance of citation and service of critical

---

[2] Finley was represented by counsel at the time his original petition was filed in this case, but his attorney passed away shortly thereafter. Finley represented himself pro se throughout the remainder of the proceedings.

pleadings on the opposing party. Finley also generally alleged that Fargason had failed "to exercise ordinary care, as a reasonably prudent attorney would have done under the same or similar circumstances."[3]

In February 2009, the trial court entered an agreed docket control order, setting the deadline for the designation of testifying experts as May 1, 2009. When no experts were designated by that date, Fargason filed traditional and no-evidence motions for summary judgment, alleging, among other things, that Finley's negligence, gross negligence, and professional negligence claims represented a single claim for legal malpractice, which failed as a matter of law in the absence of expert testimony.[4] Fargason also argued that Finley's breach of warranty and breach of contract claims failed as a matter of law because they were improperly fractured legal malpractice claims. *See Beck v. Law Offices of Edwin J. Terry, Jr., P.C.*, 284 S.W.3d 416, 426-27 (Tex. App.—Austin 2009, no pet.) (citing rule against "fracturing" legal malpractice claims into separate claims such as

---

[3] In his summary-judgment responses, Finley abandoned his allegations regarding improper issuance of citation or service of pleadings in favor of allegations that Fargason had (1) unreasonably delayed filing the petition to modify, (2) abandoned Finley prior to trial, (3) failed to make certain arguments on appeal, (4) failed to seek a reduction in Finley's child support obligations, (5) persuaded Finley to "give up" an owelty lien on the residence he had shared with May, and (6) advised Finley not to file a legal malpractice claim against an attorney he had previously retained in connection with the divorce proceeding. Because Fargason did not object to the addition of these allegations and responded to many of them on the merits, they were tried by consent. *See Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (observing that when issue is raised for first time in summary-judgment response, movant may "respond on the merits and try the issue by consent"); *see also Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991).

[4] "Courts frequently use 'legal malpractice' and 'professional negligence' interchangeably to refer to claims arising from an attorney's allegedly inadequate legal representation, although 'professional negligence' might be a more precise term." *Beck v. Law Offices of Edwin J. Terry, Jr., P.C.*, 284 S.W.3d 416, 427 n.10 (Tex. App.—Austin 2009, no pet.). Because the parties use the term "legal malpractice" to refer to the claim at issue in this appeal, we will do so as well.

ordinary negligence, breach of contract, or fraud).

The trial court granted summary judgment in favor of Fargason and dismissed all of Finley's claims. Finley's motion for new trial was overruled, and this appeal followed.

## STANDARD OF REVIEW

Summary judgments are reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a motion for summary judgment, the movant must show that there is no issue of material fact and that it is entitled to judgment as a matter of law. *TX Far West, Ltd. v. Texas Invs. Mgmt., Inc.*, 127 S.W.3d 295, 301 (Tex. App.—Austin 2004, no pet.). Evidence favorable to the non-movant is taken as true and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

A no-evidence motion for summary judgment must be granted if the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which the non-movant would have the burden of proof at trial, and the nonmovant fails to produce more than a scintilla of summary-judgment evidence raising a genuine issue of material fact on those elements. Tex. R. Civ. P. 166a(i); *Cox Tex. Newspapers, L.P. v. Penick*, 219 S.W.3d 425, 432-33 (Tex. App.—Austin 2007, pet. denied).

## DISCUSSION

Finley's points of error on appeal can be summarized as a single issue arguing that the trial court erred in granting summary judgment in favor of Fargason and dismissing his claim for

5

legal malpractice.[5]  To recover on a claim of legal malpractice, a plaintiff must prove that (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages occurred.  *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995).  In legal malpractice cases based on prior litigation, the plaintiff must establish the element of proximate cause by proving that but for the attorney's actions, he would have prevailed on the underlying cause of action.  *See Zenith Star Ins. Co. v. Wilkerson*, 150 S.W.3d 525, 533 (Tex. App.—Austin 2004, no pet.); *see also Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 117 (Tex. 2004).  The plaintiff's burden in this regard is often referred to as the "suit within a suit" requirement.  *Hoover v. Larkin*, 196 S.W.3d 227, 231 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

Expert testimony "regarding the standard of skill and care ordinarily exercised by an attorney" is generally required to establish that the attorney breached a duty to the plaintiff.  *Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 271 (Tex. App.—Austin 2002, pet. denied).  Expert testimony is also required to establish causation when the causal link between the attorney's negligence and client's harm is "beyond the jury's common understanding."  *Alexander*, 146 S.W.3d at 119-20; *see also id.* at 120 (holding that counsel's alleged errors "were not so obviously tied to the adverse result as to obviate the need for expert testimony").

It is undisputed that Finley presented no expert testimony in support of his legal malpractice claim.  He argues, however, that expert testimony is unnecessary because the elements

---

[5]  Finley appears to have conceded in his motion for new trial that his other causes of action fail under the rule against fracturing legal malpractice claims.  *See id.* at 426-27.

of breach and causation in this case are so obvious that they fall within the common understanding of a lay juror. *See id.* at 120 (holding that "[i]n some cases the client's testimony may provide" causal link between attorney's negligence and client's harm, "but in others the connection may be beyond the jury's common understanding and require expert testimony"); *Mazuca v. Schumann*, 82 S.W.3d 90, 97 (Tex. App.—San Antonio 2002, pet. denied) ("Expert testimony [on element of breach] is not required if the attorney's lack of care and skill is so obvious that the trier of fact can find negligence as a matter of common knowledge.").[6]

Assuming without deciding that any of Finley's allegations constitute a breach of the standard of care, our review of Finley's contentions reflects that the causal link between his allegations and any damages he may have suffered is not sufficiently obvious to render expert testimony unnecessary. *See Alexander*, 146 S.W.3d at 120. Finley's primary complaint appears to be that Fargason unreasonably delayed filing the original petition to modify. However, expert testimony would be necessary to a fact-finder's evaluation of whether, in the absence of that delay, Finley would have prevailed at trial. While Finley contends that the delay allowed May to obtain a transfer of venue, this argument is unpersuasive absent expert testimony that he would have prevailed at trial if venue had remained in Lubbock County. Similarly, Finley's complaints related

---

[6] This Court has recently declined the opportunity to adopt the *Mazuca* exception to the requirement of expert testimony to establish breach of the standard of care. *See Bagan v. Hays*, No. 03-08-00786-CV, 2010 Tex. App. LEXIS 6530, at *11 (Tex. App.—Austin Aug. 12, 2010, no pet. h) (mem. op.) (stating that "[e]ven if this Court were to embrace the *Mazuca* exception—an issue we need not decide—the exception would not apply here"). Here, as in *Bagan*, we need not decide the issue, as Finley's failure to present expert testimony on the element of causation is dispositive. *See Alexander v. Turtur & Assocs.*, 146 S.W.3d 113, 119 (Tex. 2004) (emphasizing that "[b]reach of the standard of care and causation are separate inquiries").

to Fargason's withdrawal as counsel prior to trial requires expert testimony as to whether Finley would have prevailed at trial if Fargason had not withdrawn. Finley also complains that Fargason did not request a custody evaluation from the court or seek to hold May in contempt for violating court orders, but as to both of these complaints, expert testimony would be necessary to establish that (1) the court would have granted the request and (2) the granting of the request would have altered the outcome of the trial in Finley's favor. With respect to Finley's claim that Fargason was negligent in persuading him not to pursue a legal malpractice claim against his previous attorney, expert testimony would be necessary to establish that Finley would have prevailed on the foregone malpractice claim. Similarly, Finley's assertion that Fargason was negligent in failing to seek a reduction of his child support obligations requires expert testimony that such a request would have been granted.

Finley also claims that Fargason failed to notify May of a postponed deposition during the modification proceeding, which then somehow caused Finley to "give up" an owelty lien on the marital residence in order to spare Fargason from a publicized grievance. Without the benefit of expert testimony, it is beyond a fact-finder's common understanding how Fargason's failure to notify May of a deposition caused Finley to give up an owelty lien. Proximate cause requires proof of both cause-in-fact and foreseeability. *McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901, 903 (Tex. 1980). Setting aside the issue of cause-in-fact, Finley presents no evidence, expert or otherwise, that a reasonable attorney should have foreseen the dangers that were allegedly created by Fargason's

8

failure to notify May of a deposition.[7] *See Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992) ("'Foreseeability' means that the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others.").

In light of the foregoing, we hold that in the absence of expert testimony, Finley cannot establish the element of proximate cause with respect to any of the allegations discussed above. As for Finley's remaining allegation of appellate malpractice, expert testimony on causation is not necessarily required because in cases involving appellate malpractice, the element of causation is not a question for the jury to determine, but a question of law. *See Millhouse v. Wiesenthal*, 775 S.W.2d 626, 628 (Tex. 1989). Finley's appellate malpractice argument is primarily based on the assertion that Fargason should have made a "fundamental error" argument on appeal with respect to the untimely motion to transfer, as that issue had not been preserved for appellate review. *See Finley*, 154 S.W.3d at 199; *see also In re C.O.S.*, 988 S.W.2d 760, 763, 765 (Tex. 1999) (stating that fundamental error, which can be raised for first time on appeal, exists "in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas"). Finley cannot prove the element of causation, however, because he cannot establish that he would have prevailed if the "fundamental error" argument had been advanced on appeal. As previously stated, fundamental error is limited to jurisdictional questions or matters directly and adversely affecting the public interest. *See C.O.S.*, 988 S.W.2d at 765. The granting of an untimely motion to transfer

---

[7] Fargason strongly disputes Finley's characterization of these and other events. In the summary-judgment context, however, we must take all facts, evidence, and inferences in favor of the non-movant. *See Nixon v. Mr. Prop. Mgmt Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

9

venue does not fall into either category. *See Newman v. King*, 433 S.W.2d 420, 422 (Tex. 1968) (explaining that fundamental-error review applies only to errors that "directly and adversely affect[] the interest of the public generally," as opposed to those affecting only "the particular litigants"). While Finley also takes the position that Fargason should have made an "abuse of discretion" argument on appeal, he presents no explanation as to what that argument would have entailed or how the outcome of the appeal would have changed had the argument been advanced. To the extent Finley also complains of Fargason's actions in filing a mandamus proceeding, it is undisputed that the unsuccessful mandamus petition had no adverse effect on Finley's ability to present his claims in the direct appeal. Accordingly, Finley cannot establish the element of causation with respect to his allegation of appellate malpractice.

Finley also contends that the trial court's grant of summary judgment was premature because the discovery period had not yet been completed. Finley filed this suit in December 2006. Summary judgment was not granted until August 18, 2009. In the interim, Finley conducted discovery by serving Fargason with requests for admissions, interrogatories, and requests for production. By the May 1, 2009 deadline to designate testifying experts, well over two years after suit was originally filed, Finley had not designated any expert witnesses. While Finley argues that he was forced to delay completion of discovery because he needed time to find a new attorney, the fact remains that he had already spent over two years searching for counsel at the time summary judgment was granted. Under the circumstances present here, we cannot conclude that the trial court prematurely granted summary judgment.

Having found no error in the trial court's grant of summary judgment, we overrule

10

Finley's points of error on appeal.

## CONCLUSION

We affirm the order granting summary judgment.

_____

Diane M. Henson, Justice

Before Justices Patterson, Pemberton and Henson

Affirmed

Filed:   October 15, 2010