OPINION
 

 MACK KIDD, Justice.
 

 In a suit affecting the parent-child relationship, the trial court ordered Stephen Finley to pay Beverly May’s costs and attorney’s fees as “accrued child support.” The trial court ordered the payments enforceable by contempt and ordered the payments to be withheld from Finley’s monthly earnings. Finley objects to the contempt and withholding orders. He further objects to the transfer of venue from Lubbock County to Travis County on the basis that May’s motion to transfer was untimely filed. We will modify the trial court’s order to delete all characterizations of attorney’s fees as “child support” or as
 
 *184
 
 “in the nature of unpaid and accrued child support” and, as modified, affirm the order. We will also affirm the transfer of venue.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Finley and May were divorced in 1998 by a final decree rendered by the 137th District Court, Lubbock County, Texas. In the final divorce decree, May was appointed sole managing conservator, and Finley was appointed possessory conservator of the couple’s two daughters. Finley was also ordered to pay $485 per month in child support with a provision for withholding the child support from Finley’s earnings.
 

 Finley later filed a petition in Lubbock County seeking to be appointed sole managing conservator of the two girls. May filed her original answer and, a few months later, filed a motion to transfer venue. At the hearing on the transfer motion, the Lubbock County district court ordered the suit transferred to the 201st District Court in Travis County.
 

 After transfer, the case proceeded to trial in Travis County. The trial court denied all relief sought by Finley. Additionally, the court granted May’s counter-petition to modify by increasing the guideline monthly child support from $485 to $585. The trial court further ordered Finley to pay May’s costs and attorney’s fees in the amount of $47,250 and ordered that this payment “be in the nature of unpaid and accrued child support.” The trial court then ordered that $500 be withheld from Finley’s earnings each month and applied toward the payment of costs and attorney’s fees. Finley now appeals the trial court’s order.
 

 STANDARD OF REVIEW
 

 Finley does not challenge the order directing him to pay attorney’s fees and costs nor the amount .at which they were assessed. Rather, Finley contends that Texas law prohibits assessing as child support the attorney’s fees and costs awarded in a suit to modify the parent-child relationship. Finley thus challenges the trial court’s conclusion that attorney’s fees may be awarded as child support.
 

 Texas appellate courts disagree about the awarding of attorney’s fees as child support in non-enforcement cases and about the appropriate standard of review. The Fourteenth Court of Appeals has stated that it “review[s] an award of attorney’s fees in the nature of child support for an abuse of discretion.”
 
 Hardin v. Hardin,
 
 No. 14-03-00342-CV, — S.W.3d -, -, 2004 WL 1404484, at *7 (Tex.App.Houston [14th Dist.] June 24, 2004, no pet. h.);
 
 see also London v. London,
 
 94 S.W.3d 139, 146 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (attorney’s fees in suit affecting parent-child relationship awarded as “necessaries” to children). In contrast, the First Court of Appeals treats the awarding of attorney’s fees as child support as a legal conclusion and thus reviews the trial court’s decision
 
 de novo. See In re Moers,
 
 104 S.W.3d 609, 611 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd).
 

 We agree with the First Court of Appeals that the Texas Family Code requires us to review the awarding of attorney’s fees in the nature of child support as a legal conclusion, and we thus review the trial court’s order
 
 de novo.
 

 DISCUSSION
 

 In his first two issues, Finley contends that the trial court inappropriately applied the family code by awarding attorney’s fees to May “in the nature of unpaid and accrued child support.” In a suit affecting the parent-child relationship, Texas law
 
 *185
 
 grants the trial court the discretion to “render judgment for reasonable attorney’s fees as costs” and stipulates that such fees may be enforced “by any means available for the enforcement of a judgment for debt.” Tex. Fam.Code Ann. § 106.002 (West 2004).
 

 However, courts awarding attorney’s fees in child-support enforcement actions have an additional collection option. If a party has failed to make child support payments, the trial court “shall order the [party] to pay the movant’s reasonable attorney’s fees and all court costs.” Such fees and costs “may be enforced by any means available for the enforcement of child support, including contempt.”
 
 Id.
 
 § 157.167 (West 2004). Thus, attorney’s fees may be assessed as child support during child support enforcement proceedings.
 
 Moers,
 
 104 S.W.3d at 611;
 
 Tamez v. Tamez,
 
 822 S.W.2d 688, 691 (Tex.App.-Corpus Christi 1991, writ denied).
 

 Although the Texas legislature allows attorney’s fees to be levied as child support in suits to enforce a child-support order, we believe the legislature specifically distinguishes between the assessment of fees and costs in enforcement actions as opposed to modification suits because of the potentially serious consequences that stem from an award of fees as child support.
 
 See
 
 Tex. Fam.Code Ann. §§ 106.002,157.167. With the exception of child support enforcement actions, Texas law indicates that attorney’s fees may only be awarded as costs enforceable by debt.
 
 Id.
 
 § 106.002. Texas law prohibits imprisoning a person for debt. Tex. Const, art. I, § 18. However, attorney’s fees awarded as child support are not viewed as debt and may be enforced by contempt. Tex. Fam.Code Ann. § 157.167. Moreover, characterizing fees as child support permits the trial court to issue an order withholding earnings for such fees. Tex. Fam.Code Ann. § 158.0051 (West 2004).
 

 In the case before us, Finley sought sole managing conservatorship, and May responded by seeking to increase the child-support payments. Although we do not have the reporter’s record before us, Texas appellate procedure authorizes us to “consider and decide those issues or points that do not require a reporter’s record for a decision” as long as a clerk’s record has been filed. Tex.R.App. P. 37.3. As indicated above, we review
 
 de novo
 
 the awarding of attorney’s fees as child support. Because we are reviewing the trial court’s legal conclusion, the clerk’s record, which includes the trial court’s order in this case, is adequate for our consideration of Finley’s issues. Neither May’s brief nor the trial court’s order indicate that Finley was delinquent in his child-support payments at the time of the modification proceeding. As such, this case involves attorney’s fees and costs incurred in modifying the parent-child relationship and does not involve enforcement of delinquent child-support obligations. We thus agree with Finley that the trial court erred in assessing May’s attorney’s fees and costs as child support, and we sustain Finley’s first two points of error.
 

 In his final issue, Finley argues that it was error for the Lubbock County trial court to grant May’s motion to transfer venue to Travis County because the motion was not timely filed. The record, however, does not show that Finley preserved error on the issue of the timeliness of May’s motion to transfer. A point on appeal based on a trial court’s ruling on a motion must be supported by a showing in the record that the motion was presented to and acted upon by the trial court.
 
 Guyot v. Guyot,
 
 3 S.W.3d 243, 246 (Tex.App.-Fort Worth 1999, no pet.);
 
 see
 
 Tex.R.App.
 
 *186
 
 P. 33.1(a).
 
 [1]
 
 It is the appellant’s responsibility to preserve error by insuring that all issues he may wish to appeal are timely presented to and ruled upon by the trial court as well as timely and properly entered into the court record.
 
 Guyot,
 
 3 S.W.3d at 248. The record of the hearing on the motion to transfer indicates that Finley objected to transfer on the grounds of inconvenience, expense, and May’s failure to meet the burden of proof required for transfer. There is no evidence in the record that Finley objected to the motion to transfer on the basis of its untimeliness. Nor is there any evidence that the trial court ruled on the issue of the motion’s timeliness in its decision to grant the transfer. Finley did not preserve error for appeal, and we overrule his final point of error.
 

 CONCLUSION
 

 The tidal court erred by characterizing the award of attorney’s fees and costs as “child support” and “in the nature of unpaid and accrued child support,” and we strike these characterizations from the trial court’s order. Accordingly, we modify the order regarding attorney’s fees and costs in the amount of $47,250 to assess them only as a judgment debt and not as child support. Consequently, we strike any enforcement by contempt or collection of attorney’s fees by monthly withholding. We reject Finley’s assertion that the Lubbock County trial court erred by granting May’s motion to transfer. Thus, we affirm the trial court’s order as modified.
 

 [1]
 

 . As a prerequisite to presenting a complaint for appellate review, the record must show that:
 

 (1) the complaint was made to the trial court by a timely request, objection, or motion that:
 

 (A) stated that grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
 

 (B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and (2) the trial court:
 

 (A) ruled on the request, objection, or motion, either expressly or implicitly;
 

 or
 

 (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.
 

 Tex.R.App. P. 33.1(a).