In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-253 CV


 ______________________



IN THE INTEREST OF R.A.B.






On Appeal from the 279th District Court


Jefferson County, Texas


Trial Cause No. F-176,338-E






MEMORANDUM OPINION


 Milissa Ann Bock appeals pro se from a child support order. We affirm.

 Pursuant to an agreed order signed by Bock (the sole managing conservator) and
Anthony Durham (the child's father) on September 14, 2006, the associate judge ordered
Durham to pay $530 per month in child support. On appeal, Bock contends she signed the
child support order involuntarily and under duress because of a medical condition that
impaired her judgment.

 On September 19, 2006, five days after the associate justice signed the child support
order, Bock filed a document seeking to appeal the order. The district judge held a hearing
to determine whether the document was a timely-filed appeal directly from the associate
judge to the family law district judge. At that hearing, Bock referenced her medical
condition. The hearing, however, was limited to a determination of whether Bock had timely
appealed to the referring court. The district court did not reach the merits of the "duress"
issue, but instead determined Bock had not timely invoked the jurisdiction of the district
court in her appeal from the associate judge's order. 

 A notice of appeal to the referring court had to be filed by September 18; the
document filed by Bock on September 19 did not perfect an appeal to the district court. (1) We
nevertheless construed the September 19, 2006, document filed by Bock as a notice of appeal
directly to this Court. See Tex. Fam. Code Ann. § 201.016 (Vernon Supp. 2007). (2) In that
document, Bock states she signed the agreed child support order under duress, but there is
no indication in the record that the issue was presented to or considered by the associate
judge. An appellate court may only consider the evidence that was before the trial court at
the time of the trial court's ruling. See Garza v. Levin, 769 S.W.2d 644, 645 (Tex. App.--
Corpus Christi 1989, writ denied). The record does not show that Bock presented her claims
to the associate judge or that he ever considered or ruled on them. Therefore, she did not
preserve her complaint. See Tex. R. App. P. 33.1(a); see generally Finley v. May, 154
S.W.3d 196, 199 (Tex. App.--Austin 2004, no pet.). We overrule Bock's issues and affrim
the trial court's judgment. (3)

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice 

 

Submitted on February 28, 2008

Opinion Delivered May 29, 2008 


Before Gaultney, Kreger, and Horton, JJ.
1. The applicable version of section 201.015(a) is the Act of April 6, 1995, 74th Leg.,
R.S., ch. 20, § 1, sec. 201.015(a), 1995 Tex. Gen. Laws 113, 241 (amended 2007).
2. There is no substantive difference between the applicable version of section
201.016(a) and the current version. See Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1,
sec. 201.016(a), 1995 Tex. Gen. Laws 113, 241 (amended 2007)(current version at Tex.
Fam. Code Ann. § 201.016(a) (Vernon Supp. 2007).
3. This opinion does not preclude Bock from filing another motion to modify child
support. See Tex. Fam. Code Ann. § 156.401 (Vernon Supp. 2007).