# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00166-CV

**Danny Nixon, Appellant**

**v.**

**Lorraine DaSilva, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. 99-002345, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Danny Nixon appeals an October, 2006 order in a suit to modify the parent-child relationship. Nixon and appellee Lorraine DaSilva were parties to a 1999 final divorce decree in which DaSilva had been appointed managing conservator of their two children and Nixon possessory conservator. Nixon was also ordered to pay child support. In March 2006, DaSilva filed a petition to modify the parent-child relationship by increasing Nixon's child support obligation. Nixon filed a counter-petition seeking to be named managing conservator with the right to establish the children's residence and requesting that DaSilva pay child support. Following a jury trial, the district court ordered that the parties be appointed joint managing conservators of the children and that DaSilva have the right to determine the children's primary residence and to receive child support. Although apparently modifying Nixon's child support obligation, the order recited that, "IT IS AGREED that as of August 31, 2006, [Nixon] is not in arrears for child support

payments owed to [DaSilva] for the support of the children . . . and no child support arrearage exists as of August 31, 2006."

The district court ordered Nixon to pay DaSilva's attorney's fees, expenses, and costs. The court further ordered that the "attorney's fees, expenses, and costs were incurred in relation to the children" and "are in the nature of child support," although it also referred to the obligation as a "debt." In a single issue on appeal, Nixon argues that the district court erred in assessing DaSilva's attorney's fees and costs "as child support" because the suit did not involve enforcement of delinquent child support. We agree. We will modify the trial court's order to delete the characterization of attorney's fees "as child support," and, as modified, affirm.

The family code provides that, in a suit affecting the parent-child relationship, the trial court "may render judgment for reasonable attorney's fees and expenses." Tex. Fam. Code Ann. § 106.002 (West Supp. 2008). Such an award "may be enforced in the attorney's name by any means available for the enforcement of a judgment for debt." *Id.* § 106.002(b). Because the Texas Constitution prohibits imprisonment for debt, such a fee award cannot be enforced by a confinement order under the court's contempt powers. *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005). However, a child support obligation is considered a legal duty and not a debt and, thus, can be enforced by contempt. *Id.* Furthermore, the legislature has provided that in a child support enforcement action, "if the trial court finds that the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs," and such fees and costs "may be enforced by any means available for the enforcement of child support, including contempt." Tex. Fam. Code Ann. § 157.167(a) (West Supp. 2008).

2

In this way, attorney's fees may be assessed as child support during child support enforcement proceedings and enforced by contempt. *Finley v. May*, 154 S.W.3d 196, 199 (Tex. App. Austin—2004, no pet.).

Nixon does not challenge the order directing him to pay DaSilva's attorney's fees and costs, nor the amount at which such fees and costs were assessed. Rather, he contends only that the district court erred in ordering Nixon to pay these amounts "in the nature of child support." The decision to award attorney's fees in the nature of child support is a legal conclusion that we review de novo. *Id*. at 198.

In *Finley*, this Court observed that "the legislature specifically distinguishes between the assessment of fees and costs in enforcement actions as opposed to modification suits because of the potentially serious consequences that stem from an award of fees as child support"—namely that "attorney's fees awarded as child support are not viewed as debt and may be enforced by contempt." *Id*. (citing Tex. Fam. Code Ann. § 157.167). Because we determined that the attorney's fees at issue in *Finley* were awarded in a suit to modify the parent-child relationship and not to enforce delinquent child support payments, we held that the trial court erred in assessing attorney's fees as child support. *Id.*

*Finley* controls this case, and requires a similar disposition. The district court awarded attorney's fees to DaSilva in connection with a suit to modify the parent-child relationship that did not involve the enforcement of delinquent child support payments. Neither party's pleadings complained of or requested enforcement of delinquent child support. Furthermore, the district court's order explicitly states that Nixon "is not in arrears for child support payments"

3

and "no child support arrearage exists." There is nothing in the record to indicate that this suit involved enforcement of delinquent child support. Finally, while not dispositive, we note that DaSilva has not submitted a brief or other filing on appeal to contend otherwise.

We agree with Nixon that the district court erred in characterizing DaSilva's attorney's fees and costs as child support. Accordingly, we modify the district court's order to remove the statement that DaSilva's attorney's fees, expenses, and costs "are in the nature of child support." As modified, we affirm the order.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Modified and, as Modified, Affirmed

Filed:   August 22, 2008