Affirmed and Memorandum Opinion
filed February 8, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00865-CV



John W. Overton, Appellant 

v.

Mae W. Overton,
Appellee 



On Appeal from
the 310th District Court

Harris County, Texas

Trial Court
Cause No. 000-818,738



 

MEMORANDUM OPINION 

This is an appeal from the trial court’s cumulative
judgment for child support arrearages entered in favor of appellee, Mae W.
Overton (“Mae”), and against appellant, John W. Overton (“John”).  In five
issues, John contends that the trial court abused its discretion by (1) denying
his verified plea of defect of parties; (2) failing to recognize that it no
longer had jurisdiction to confirm the child support arrears; (3) allowing Mae to
recover on a dormant judgment; (4) entering a cumulative judgment which included
interest; and (5) allowing Mae to enforce an award of attorney’s fees through a
judicial writ of withholding.  We affirm.

I.                  
Factual and Procedural Background

On November 17, 1970, Mae and John, an attorney, were
divorced, and Mae was granted custody of their four minor children.[1]  The divorce
decree ordered John to pay $350 per month in child support to Mae until the
youngest child turned eighteen.[2] 
On September 6, 1977, the trial court entered an order holding John in contempt
for failure to pay child support and finding him in arrears in the amount of
$7,500 (“1977 order”).

In 1985, after Mae assigned her child support rights to
the State of Texas, support payments and arrearages were ordered paid to the
Office of the Attorney General.[3] 
In August 2008, upon an application for services from Mae, the Attorney
General’s office opened a child support case file and was again assigned Mae’s
support rights.  Later that month, the Attorney General’s office closed the
file due to the children’s age.[4] 


On May 28, 2009, Mae filed a notice of application
for judicial writ of withholding as well as notices of child support liens.  John
subsequently filed a motion to stay issuance and delivery of the writ, in which
he challenged the existence and amount of arrearages.  On June 12, 2009, Mae
filed her answer and request for affirmative relief in which she requested
foreclosure of her child support liens and a determination of child support
arrears.  On June 29, 2009, John filed his second amended motion to stay in
which he alleged that Mae’s enforcement action was time-barred.  On June 30,
2009, Mae filed a supplemental answer and request for affirmative relief.

On July 2, 2009, the trial court held a hearing on
John’s motion to stay and Mae’s request for affirmative relief.  At the
conclusion of the hearing, the associate judge presiding at the hearing orally
rendered judgment (1) denying John’s motion to stay and (2) granting Mae’s
request for affirmative relief and a cumulative child support arrearage judgment
to Mae in the amount of $263,215.52, inclusive of interest, plus court costs and
attorney’s fees.  On July 30, 2009, the trial court entered the order on arrears
(“2009 order”) as well as an order denying John’s limitations defenses.  John
subsequently filed a request for trial de novo and a motion to vacate order or
for new trial; the trial court denied both.  This timely appeal followed.

II.              
Standard of Review

A trial court’s decision to grant or deny the relief
requested in a motion for enforcement is reviewed for an abuse of discretion.  See
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Chenault v. Banks,
296 S.W.3d 186, 189 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (reviewing
an enforcement order under an abuse of discretion standard).  The test for
abuse of discretion is whether the trial court acted without reference to any
guiding rules or principles; in other words, whether the act was arbitrary or
unreasonable.  Worford, 801 S.W.2d at 109; Evans v. Evans, 14
S.W.3d 343, 346 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  A trial court
does not abuse its discretion as long as some evidence of a substantive and
probative character exists to support the trial court’s decision.  In re
C.A.M.M., 243 S.W.3d 211, 214 (Tex. App.—Houston [14th Dist.] 2007, pet.
denied).  When, as here, the trial court did not file findings of fact and
conclusions of law, we imply that the trial court made all findings necessary
to support the judgment and will uphold those findings if supported by
sufficient evidence.  See Holt Atherton Indus., Inc. v. Heine, 835
S.W.2d 80, 83 (Tex. 1992); Chenault, 296 S.W.3d at 189.

III.           
Analysis

A.    Mae’s Standing
to Bring Suit 

In his first issue, John contends that the trial
court abused its discretion by denying his verified plea of defect of parties. 
Specifically, he argues that Mae lacks standing to bring her claim for enforcement
of child support.

The record reflects that Mae first assigned her child
support rights to the State of Texas in 1985.  In August 2008, upon Mae’s application
for services, the Attorney General’s office opened a child support case file and
was again assigned Mae’s support rights.  At the July 2, 2009 hearing, evidence
was presented that the Attorney General had closed the file on August 28, 2008,
due to the children’s age and had taken no further action.

John first argues that Mae lacks standing to bring
this action to enforce payment of child support arrearages because she assigned
her support rights to the Attorney General’s office in August 2008.   However, the
undisputed evidence establishes that the Attorney General’s office closed the
case on August 28, 2008, and the assignment was terminated.

John next asserts that even if the assignment was
terminated, he did not receive notice of the termination as required by Texas Family
Code section 231.106(a).[5] 
Thus, he argues, the Attorney General’s failure to notify him of the
termination prevented him from making payments to Mae because he believed that he
was still obligated to make payments to the Attorney General’s office.  

It is true that section 231.106 requires the Attorney
General’s office to send a notice of termination of assignment to the obligor
and obligee upon the termination of support rights to the office.  See Tex.
Fam. Code Ann. § 231.106(a).  Notwithstanding this requirement, we find nothing
in Chapter 231 suggesting that there is a penalty for failure to send a notice. 
Further, we find John’s argument that he was precluded from making payments to
Mae because he was not notified of the termination to be disingenuous.  When the
trial judge asked John whether it was his position that he had paid the
arrearages to the Attorney General’s office, he admitted that it was not.

John also argues that Mae is precluded from bringing
this action because there is no evidence that the Attorney General’s office reassigned,
transferred, or released the claim to Mae following termination of the
assignment pursuant to Family Code section 231.002(i).[6]  However, John
has not properly preserved the issue of release for appellate review.[7]  See Tex.
R. App. P. 33.1 (requiring, as prerequisite to presenting issue for appellate
review, that record show appellant’s presentation of issue before trial court
by timely request, objection, or motion, stating grounds with sufficient
specificity to make trial court aware of complaint).  Having failed to raise the
issue of lack of release in the trial court, he has waived this argument on
appeal.  See id.  We overrule John’s first issue.

B.     Trial
Court’s Jurisdiction to Confirm Child Support Arrearages

In
his second issue, John contends that the trial court did not have jurisdiction
to determine the child support arrearages.  Specifically, he claims that the court
abused its discretion because it failed to recognize the time limitations imposed
on its jurisdiction by Family Code section 157.005(b).

The
version of section 157.005(b) in effect when Mae filed her request for
affirmative relief provided, in pertinent part,

.
. . . 

(b) The court retains jurisdiction
to confirm the total amount of child support arrearages and render judgment for
past-due child support if a motion for enforcement requesting a money judgment
is filed not later than the 10th anniversary after the date:

                        (1) the child becomes an adult; or

(2) on which the child support
obligation terminates under the child support order or by operation of law.

Act
of May 29, 2005, 79th Leg., R.S., Ch. 916, § 21, 2005 Tex. Gen. Laws 3148, 3155
(amended 2009) (current version at Tex. Fam. Code Ann. § 157.005(b) (West Supp.
2009)).  John claims that under this provision, Mae was required to file her pleading
seeking confirmation of child support arrearages within ten years of the
emancipation of their youngest child, which she did not do.  We disagree.

After
Mae filed her notice of application for judicial writ of withholding and delivered
notices of child support liens to John, John filed his motion to stay issuance
and delivery of the writ, in which he challenged the existence and the amount
of arrearages.  Thereafter, Mae requested affirmative relief under two
different enforcement remedies: a determination of arrearages under section
158.309,[8]
and a foreclosure of the child support liens and judgment for the arrears under
section 157.323.[9] 
Contrary to John’s contention, Mae did not request a determination of child
support arrears and a judgment under section 157.005(b).[10]

Further,
section 158.102 imposes no deadline on the trial court’s jurisdiction to issue an
order or writ for income withholding under the chapter and authorizes the entry
of such an order “until all current support and child support arrearages,
interest, and any applicable fees and costs, including ordered attorney’s fees
and court costs, have been paid.”  Tex. Fam. Code Ann. § 158.102 (West 2008); see
also In re A.D., 73 S.W.3d 244, 249 (Tex. 2002) (recognizing that
administrative wage withholding by Attorney General’s office is available
regardless of length of time obligor has avoided his court-ordered support
duty); Packard v. Davis, No. 2-08-022-CV, 2008 WL 4925998, at *2 (Tex.
App.—Fort Worth Nov. 13, 2008, no pet.) (mem. op., not designated for
publication).  Similarly, section 157.318 provides that a child support lien,
which secures payment of all child support arrearages owed by the obligor under
the underlying child support order, “is effective until all current support and
child support arrearages, including interest, any costs and reasonable
attorney’s fees … have been paid ….”  Tex. Fam. Code Ann. § 157.318 (a), (c)
(West Supp. 2009).  

We
conclude that the trial court possessed jurisdiction to sign an enforcement
order allowing Mae to collect unpaid child support by means of a child support
lien or writ of withholding.  We overrule John’s second issue.

C.   
Applicability of Dormancy Statutes

In
his third issue, John contends that Mae is barred from recovering past-due
child support because her “judgment of May 18, 1977” as well as her “statutory
judgments” pursuant to Texas Family Code section 157.261(a) are dormant under Texas
Civil Practice and Remedies Code section 34.001.  He also argues that Mae
failed to revive the judgments under Texas Civil Practice and Remedies Code section
31.006.

Texas
Civil Practice and Remedies Code section 34.001(a) provides that “[i]f a writ of
execution is not issued within 10 years after the rendition of a judgment of a
court of record or a justice court, the judgment is dormant and execution may
not be issued on the judgment unless it is revived.”  Tex. Civ. Prac. Rem. Code
Ann. § 34.001(a) (West Supp. 2009).  Section 31.006 of the Code provides that
“[a] dormant judgment may be revived by scire facias or by an action of debt
brought not later than the second anniversary of the date that the judgment
becomes dormant.”  Id. § 31.006 (West 2008).

John argues that Mae’s “judgment of May 18, 1977” is
more than ten years old and is, thus, dormant under section
34.001.  The “judgment” to which John refers is the trial court’s 1977 order in
which it found John in arrears and held him in contempt for his failure to pay
his support obligations.  John’s argument, however, is without merit.  The
ten-year dormancy statute comes into play only when child support arrearages are
reduced to a judgment confirming arrearages.  In re S.C.S., 48 S.W.3d
831, 836 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); see also In re
D.T., No. 12-05-00420-CV, 2007 WL 4465250, at *2 (Tex. App.—Tyler Dec. 21, 2007,
no pet.) (mem. op.); In re J.M.D., No. 14-03-01196, 2006 WL 1148113, at *1
(Tex. App.—Houston [14th Dist.] Mar. 30, 2006, pet. denied) (mem. op., not
designated for publication).  The ten-year dormancy period began to run upon
the signing of the judgment confirming arrearages, not from the date of the
contempt order.  See Tex. Civ. Prac. & Rem. Code Ann. § 34.001; In
re D.T., 2007 WL 4465250, at *2 (finding trial court’s order to pay
arrearages was not judgment confirming arrearages and, therefore, not barred by
section 34.001); In re J.M.D., 2006 WL 1148113, at *1 (concluding
divorce decree is not child support judgment and dormancy period under section
34.001 does not run from date of divorce decree).

John
also contends that Mae’s “statutory judgments” under Family Code section
157.261(a) are dormant.  Section 157.261(a) of the Family Code provides that
“[a] child support payment not timely made constitutes a final judgment for the
amount due and owing, including interest as provided in this chapter.”  Tex.
Fam. Code Ann. § 157.261(a) (West 2008).[11] 
Thus, John argues, each missed child support payment, the last of which would
have presumably occurred in January 1987 when his youngest child turned
eighteen years old, became dormant ten years from the date it became due.  See
Tex. Fam. Code Ann. § 157.261(a); Tex. Civ. Prac. & Rem. Code Ann. § 34.001. 
John’s reliance on section 157.261(a) is misplaced.  We have previously held
that the ten-year dormancy period under section 34.001 does not run from the dates
on which individual child support payments are due.  See In re S.C.S.,
48 S.W.3d at 836; see also in re J.M.D., 2006 WL 1148113, at *1. 

Because John’s child support arrearages were not
reduced to a judgment until July 2009, his dormancy argument fails.  See In
re S.C.S., 48 S.W.3d at 836.  Accordingly, we overrule John’s third issue.[12]

D.   
Calculation of Cumulative Child Support Arrearage Judgment

In
his fourth issue, John contends that the trial court abused its discretion by granting
Mae a cumulative money judgment in the amount of $263,215.52.  Specifically, he
argues that because the judgment included interest, it impermissibly modified
the amount of previously determined arrearages.

In
calculating child support arrearages, the trial court’s discretion is very
limited.  See Chenault, 296 S.W.3d at 189.  Family Code section 157.262(a)
states that in rendering a money judgment, a trial court “may not reduce or
modify the amount of child support arrearages” except as specifically provided
in the Family Code.  Tex. Fam. Code Ann. § 157.262(a) (West Supp. 2009); Chenault,
296 S.W.3d at 189.  The trial court “acts as a mere scrivener in mechanically
tallying up the amount of arrearage.”  Chenault, 296 S.W.3d at 189.

At
the July 2, 2009 hearing, in support of her request for a cumulative money
judgment, Mae presented uncontested evidence that John owed $140,845.33 in
missed child support payments to date.  This amount included the $7,500
arrearage reflected in the 1977 order and all subsequent missed payments.  In
addition, Mae presented evidence showing $122,370.19 in accrued interest; this
sum reflected the interest that had accrued on the $7,500 arrearage as well as John’s
subsequent missed payments.  At the conclusion of the hearing, the trial court granted
a cumulative child support arrearage judgment to Mae in the amount of
$263,215.52.

John
complains that the trial court impermissibly modified the “final judgment of
November 17, 1970” and “the order of May 18, 1977” in calculating the arrearages
and interest in the 2009 judgment.  However, the 1970 “judgment” to which John
refers is not a judgment, but rather the divorce decree.  A divorce decree is not
a child support judgment.  See S.C.S., 48 S.W.3d at 836.  Likewise, the
1977 order is the contempt order previously discussed and is not a child
support judgment.  See In re D.T., 2007 WL 4465250, at *2.  

Nevertheless, John’s argument is flawed for another
reason.  The Family Code provides that “[i]f a motion for enforcement of child
support requests a money judgment for arrearage, the court shall confirm the
amount of arrearages and render one cumulative money judgment” that includes “interest
on the arrearages.”  Tex. Fam. Code Ann. § 157.263(a), (b)(3) (West 2008). 
Awarding interest on child support arrearage is mandatory, and the trial court
has no discretion to not award the full amount of interest due.  See Chenault,
296 S.W.3d at 193.  

In the absence of findings of fact and conclusion of
law, we imply that the trial court made all findings necessary to support the
judgment and will uphold those findings if supported by sufficient evidence.  See
Heine, 835 S.W.2d at 83; Chenault, 296 S.W.3d at 189.  Here, based
on the uncontested evidence and the terms of the divorce decree, the trial court
properly calculated the arrearages and interest John owed and rendered one
cumulative money judgment.[13] 
We overrule John’s fourth issue.

E.    
Award of Attorney’s Fees 

In
his fifth issue, John contends that the trial court abused its discretion by
allowing Mae to enforce her judgment for attorney’s fees though a judicial writ
of withholding.  Specifically, John argues that Family Code section 157.167(b) does
not authorize Mae to collect attorney’s fees through income withholding.

Under
Family Code section 157.167(a), “[i]f the court finds that the respondent has
failed to make child support payments, the court shall order the respondent to
pay the movant’s reasonable attorney’s fees and all court costs in addition to
the arrearages.  Fees and costs ordered under this subsection may be enforced
by any means available for the enforcement of child support, including
contempt.”  Tex. Fam. Code Ann. § 157.167(a) (West 2008).  In its 2009 order,
the trial court found that John had failed to pay his court-ordered child
support and ordered him to pay arrearages and accrued interest as well as Mae’s
attorney’s fees.  Under subsection (a), Mae was entitled to enforce payment of
her attorney’s fees by any means available for the enforcement of child
support, one of which is through an order withholding earnings.  See Tex.
Fam. Code Ann. §§ 157.167(a), 158.0051 (West 2008).[14]

John’s
reliance on section 157.167(b) is misplaced.  Subsection (b) applies only when
a respondent “has failed to comply with the terms of an order providing for the
possession of or access to a child,” which is not the case here.  Id. § 157.167(b).[15]  John also
cites Finley v. May, 154 S.W.3d 196, 199 (Tex. App.—Austin 2004, no
pet.), in support of his contention that the trial court improperly assessed
attorney’s fees as child support.  However, Finley is distinguishable
from the case before us.  In Finley, the appeals court found that the
trial court had erred in assessing the mother’s attorney’s fees and costs as
child support because the case involved modification of the parent-child
relationship, not the enforcement of delinquent child support obligations, as
is the case here.  See 154 S.W.3d at 199 (recognizing attorney’s fees
may be assessed as child support during child support enforcement proceedings).

We
conclude that the trial court did not abuse its discretion in allowing Mae to
enforce the collection of attorney’s fees through a judicial writ of withholding. 
We overrule John’s fifth issue.

IV.            
Conclusion

Having
overruled all of John’s issues, we affirm the trial court’s judgment.

 

 

                                                                        /s/        Adele
Hedges 

Chief
Justice

 

Panel
consists of Chief Justice Hedges, Justice Jamison, and Senior Justice Price.*









[1]
At the time of the divorce, J.W. was eleven years old, S.K. was seven years
old, S.N. was five years old, and T.W. was one year old.





[2]
T.W. turned eighteen years old on January 30, 1987.





[3]
Title IV-D of the Social Security Act requires states to provide services
relating to the enforcement of child support obligations for children who
receive government assistance payments and for other children whose guardians
request the services.  See 42 U.S.C. § 654(4) (West Supp. 2010).  In
Texas, the Office of the Attorney General is designated as Texas’s Title IV-D
agency.  See Tex. Fam. Code Ann. § 231.001 (West 2008).  When the
Attorney General provides Title IV-D services, it becomes entitled to an
assignment of support rights.  Id. § 231.104 (West 2008).





[4]
At the time the file was closed, J.W. was forty-nine years old, S.K. was
forty-four years old, S.N. was forty-three years old, and T.W. was thirty-nine
years old.





[5]
Section 231.106 provides, in relevant part, as follows:

(a)   
On termination of support rights
to the Title IV-D agency, the Title IV-D agency shall, after providing notice
to the obligee and the obligor, send a notice of termination of assignment to
the obligor or other payor, which may direct that all or a portion of the
payments be made payable to the agency and to other persons who are entitled to
receive the payments.

. . . . 

Tex. Fam. Code Ann. § 231.106
(West 2008).            





[6]
Section 231.002(i) provides that “[t]he Title IV-D agency may provide a release
or satisfaction of a judgment for all or part of the amount of the arrearages
assigned to the Title IV-D agency under section 231.104(a).”  Id. § 231.002(i)
(West Supp. 2009).





[7]
In his answer to Mae’s request for affirmative relief, John alleged only that
Mae no longer owned her claim for child support due to the August 6, 2008
assignment of her support rights to the Attorney General’s office.  At the July
2, 2009 hearing, John argued only that if the assignment had, in fact, been
terminated, he had not received notice of the termination.





[8]
Section 158.309(c) provides that “[u]pon hearing [a motion to stay], the court
shall: (1) render an order for income withholding that includes a determination
of the amount of child support arrearages, including medical support and
interest; or (2) grant the motion to stay.  Tex. Fam. Code Ann. § 158.309(c)
(West 2008).





[9]
Section 157.323(c)(1) provides that if arrearages are owed by the obligor in an
action to foreclose a child support lien, “the court shall … render judgment
against the obligor for the amount due, plus costs and reasonable attorney’s
fees ….”  Tex. Fam. Code Ann. § 157.323(c)(1) (West 2008).    





[10]
Our conclusion is further supported by the following statements made by Mae’s
counsel at the June 2, 2009 hearing:

Ms. Marvel: We are not
seeking a judgment under 157.005(B) because that statute is the ten-year
statute.  And we recognize that that does not apply here.  We are seeking two
separate remedies under the Family Code under Chapter 158.  Specifically, 158.309
which allows us under judicial writ of withholding when he files a motion to
stay, which the obligor has done, asks the Court to confirm the child support
arrears and make a determination.  And under 157.323, when someone challenges
the issuance of a child support lien, the Court can determine the arrears and
render judgment.





[11]
It is undisputed that John missed numerous support payments between the date the
divorce decree was signed and the date of emancipation of his youngest child on
January 30, 1987.  The record reflects that his last child support payment was
made on March 25, 1983.





[12]
Because we find that Texas Civil Practice and Remedies Code section 34.001(a)
does not bar Mae’s action, we need not address John’s argument that subsection
(c), which provides that “[section 34.001] does not apply to a judgment for
child support under the Family Code,” violates article I, section 16 of the
Texas Constitution prohibiting retroactive laws.  See Tex. Fam. Code
Ann. § 34.001(c) West Supp. 2009); Tex. Const. art. I, § 16.





[13]
John also contends that the judgment in arrears entered on July 30, 2009, was a
judgment nunc pro tunc because it “provide[d] a different amount of child
support [and] is not a change to correct a clerical error and is void.”  As
support for his contention, John points to Mae’s supplemental answer and
request for affirmative relief, in which she requested that “[a]ny orders
relied upon by Obligor John W. Overton and held valid by this Court should be
modified nunc pro tunc to accurately reflect the correct arrears and
interest.”

A trial court may at any time correct a clerical error
in the judgment by entering a judgment nunc pro tunc.  See Tex. Civ. P.
316, 329b(f); Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex.1986).  A
clerical error is a discrepancy between the entry of a judgment in the record
and the judgment that was actually rendered and does not arise from judicial
reasoning or determination.  Hernandez v. Lopez, 288 S.W.3d 180,
184 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  By contrast, a judicial
error occurs in the rendering, as opposed to the entering, of a judgment.  Escobar,
711 S.W.2d at 231.   It arises from a mistake of law or fact that requires
judicial reasoning to correct.  Butler. v. Cont'l Airlines, Inc., 31
S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).  The trial
court can only correct the entry of a final written judgment that incorrectly
states the judgment actually rendered.  Escobar, 711 S.W.2d at 231–32. 
Even if the trial court incorrectly rendered judgment, it cannot alter a
written judgment that precisely reflects the incorrect rendition.  Id.
at 232.  A judgment rendered to correct a judicial error after the court’s
thirty-day plenary period has expired is void.  Hernandez, 288 S.W.3d at
185.

Notwithstanding the request in Mae’s pleading, there
is nothing in the record to suggest that the trial court’s 2009 order in
arrears was a judgment nunc pro tunc.  Besides the fact that the words “nunc
pro tunc” appear nowhere in the 2009 order, the court was not attempting to
correct an error in the 1970 divorce decree or 1977 contempt order—rather, the
court was fulfilling its statutory obligation to award interest on John’s child
support arrearages.  See Tex. Fam. Code Ann. § 157.263(a), (b)(3); Chenault,
296 S.W.3d at 193. 





[14]
Section 158.0051 provides, in relevant part:

(a)   
In addition to an order for income
to be withheld for child support, including child support and child support
arrearages, the court may render an order that income be withheld from the
disposable earnings of the obligor to be applied towards the satisfaction of
any ordered attorney's fees and costs resulting from an action to enforce child
support under this title.

Tex.
Fam. Code Ann. § 158.0051 (West 2008).

 





[15]
Section 157.167(b) provides as follows: 

. . . . 

(b)
If the court finds that the respondent has failed to comply with the terms of
an order providing for the possession of or access to a child, the court shall
order the respondent to pay the movant’s reasonable attorney’s fees and all
court costs in addition to any other remedy.  If the court finds that the
enforcement of the order with which the respondent failed to comply was
necessary to ensure the child’s physical or emotional health or welfare, the
fees and costs ordered under this subsection may be enforced by any means
available for the enforcement of child support, including contempt, but not
including income withholding.

Id. § 157.167(b).





* Senior Justice Frank C. Price sitting
by assignment.