In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00273-CV**
_____

**IN RE COMMITMENT OF TIMOTHY EARL GREEN**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-09-10092 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Timothy Earl Green as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013). A jury found that Green is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. In three appellate issues, Green challenges the legal and factual sufficiency of the evidence, the denial of his objections to the State's request for admissions, and the trial court's failure to grant his motion to modify. We affirm the trial court's judgment and order of civil commitment.

1

Legal and Factual Sufficiency

In issue one, Green contends that the evidence is legally and factually insufficient to support a finding that he suffers from a behavioral abnormality. Under legal sufficiency review, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for commitment under the SVP statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the factfinder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id*. at 887. Under factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

In an SVP case, the State must prove, beyond a reasonable doubt, that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). A person is a "sexually violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id*. § 841.003(a) (West

Supp. 2013). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2) (West Supp. 2013). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied).

In this case, the jury heard evidence regarding Green's criminal history, including the details of his sexual offenses. Green testified that he has never sexually assaulted a woman, but has been convicted of sexual offenses against women. He testified that he has not received sex offender treatment, does not believe he is a sex offender, and will not reoffend upon release. Dr. Marisa Mauro diagnosed Green with a history of alcohol abuse and personality disorder not otherwise specified with antisocial features. She testified that Green has some psychopathic traits and that his scores on actuarial tests place him in the moderate category for re-offense. She testified that Green does not have a behavioral abnormality, she does not believe he is sexually deviant, he does not have serious

3

difficulty controlling his behavior, and he is not likely to engage in a predatory act of sexual violence.

Dr. David Self testified that Green has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence. Dr. Self identified several factors that increase Green's risk of re-offense, including sexual deviance, and diagnosed Green with paraphilia not otherwise specified, personality disorder not otherwise specified with antisocial traits, and history of polysubstance abuse. He testified that paraphilia and personality disorders are chronic conditions, that Green has some psychopathic traits, and that Green's criminal history shows a pattern of escalation.

The jury was entitled to infer current serious difficulty controlling behavior based on Green's past behavior, Green's testimony, and the expert testimony. *See In re Commitment of Burnett*, No. 09-09-00009-CV, 2009 Tex. App. LEXIS 9930, at *13 (Tex. App.—Beaumont Dec. 31, 2009, no pet.) (mem. op.); *see also In re Commitment of Grinstead*, No. 09-07-00412-CV, 2009 Tex. App. LEXIS 228, at *20 (Tex. App.—Beaumont Jan. 15, 2009, no pet.) (mem. op.). The jury could reasonably conclude that Green is likely to commit predatory acts of sexual violence directed toward individuals for the primary purpose of victimization. *See In re Commitment of Bernard,* No. 09-10-00462-CV, 2012 Tex. App. LEXIS 4681,

at **6-7 (Tex. App.—Beaumont June 14, 2012, pet. denied) (mem. op.); *see also Mullens*, 92 S.W.3d at 887; *Almaguer*, 117 S.W.3d at 506; *Burnett*, 2009 Tex. App. LEXIS 9930, at *13; *Grinstead*, 2009 Tex. App. LEXIS 228, at *16. Viewing the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, that Green has a behavioral abnormality that predisposes him to commit a predatory act of sexual violence; thus, the evidence is legally sufficient. *See Kansas v. Crane*, 534 U.S. 407, 413 (2002); *see also Mullens*, 92 S.W.3d at 885. Weighing all of the evidence, the verdict does not reflect a risk of injustice that would compel ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule issue one.

## The State's Request for Admissions

In issue two, Green argues that the trial court improperly overruled his objections to the State's request for admissions that inquired about his prior offenses and lack of participation in sex offender treatment. At trial, the State read Green's responses into evidence. The State later moved for a directed verdict as to whether Green is a repeat sexually violent offender. After noting that Green admitted to having two convictions for sexual offenses, the trial court granted the State's motion.

"We review a trial court's discovery rulings for abuse of discretion." *In re Commitment of Perez*, No. 09-12-00132-CV, 2013 Tex. App. LEXIS 1866, at *13 (Tex. App.—Beaumont Feb. 28, 2013, pet. denied) (mem. op.). "We will reverse a judgment upon a challenge to that court's discovery ruling when the appellant shows that the trial court abused its discretion and the trial court's error probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case on appeal." *Id.* at *17; Tex. R. App. P. 44.1(a).

Pen packets were admitted into evidence, without objection, that show Green's convictions for attempted sexual assault, aggravated sexual assault, and aggravated kidnapping. During his own testimony, Green admitted to these convictions (as well as other convictions), admitted to having been arrested for drug possession, and admitted that he does not believe he is a sex offender. Self and Mauro also testified regarding Green's criminal history. Additionally, the record contains other evidence by which the trial court could grant a directed verdict and by which the jury could reasonably conclude that Green is a sexually violent predator. Even the erroneous admission of evidence is harmless when it is cumulative. *See Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). Because the admission of Green's responses to request for admissions was not error, we overrule issue two.

## Motion to Modify

In issue three, Green challenges the trial court's failure to grant his motion to modify the civil commitment order. The record does not indicate that the trial court ruled on Green's motion. Because Green failed to obtain a ruling on his motion, issue three is not preserved for appellate review and is overruled. *See* Tex. R. App. P. 33.1(a); *see also Finley v. May,* 154 S.W.3d 196, 199-200 (Tex. App.—Austin 2004, no pet.) (To preserve error for appeal, a party complaining of a trial court's ruling on a motion must show that the motion was presented to the trial court and acted upon by the trial court.). We affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 20, 2013
Opinion Delivered December 12, 2013

Before McKeithen, C.J., Kreger and Horton, JJ.

7